**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JAMES ALLEN MORRIS**                                                                          **MOVANT**

**V.**                                                                                                  **NO.: 2:02CR74-SA-JMV**

**UNITED STATES OF AMERICA**                                                     **RESPONDENT**

**ORDER TRANSFERRING CASE**

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. James Allen Morris has submitted a motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255, arguing that the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), demands that he be resentenced without a career offender enhancement. *See* ECF No. 221.

By way of history, the Court notes that Movant pleaded guilty to a federal drug (Count One) and firearms offense (Count Four) and was sentenced on February 25, 2003, to consecutive terms of imprisonment of 230 months on Count One and 120 months on Count Four. The Court's judgment was affirmed on direct appeal. *See United States v. Morris*, No. 03-60247; ECF No. 69. Movant later filed a § 2255 motion that was denied by this Court, and the Fifth Circuit later denied him a Certificate of Appealability ("COA") and permission to proceed *in forma pauperis* ("IFP") on appeal. *See, e.g.,* ECF Nos. 109 and 123. In September 2010, Movant filed another motion that the Court denied, finding the motion an attempt to circumvent the requirements of filing a successive § 2255. *See* ECF Nos. 130 and 135; *see also* ECF No. 144 (denying COA and permission to proceed IFP). By order entered November 7, 2011, the Fifth Circuit determined that the Court had properly construed Movant's motion as a successive § 2255 petition, and it concluded that he was not entitled to a COA. *United States v. Morris*, No. 11-60062, *cert. denied*, No. 11-8141; *see also* ECF Nos. 150 and 156.

In July 2013, Movant filed another § 2255 motion, as later amended, seeking to vacate the judgment entered against him. *See* ECF Nos. 178 and 179. The Court transferred the case to the Fifth Circuit for consideration of whether Movant should be allowed to proceed on a successive motion in this Court. *See* ECF No. 180. The Fifth Circuit denied Movant permission to file a successive § 2255 motion. *In re James Allen Morris*, No. 13-60653; *see also* ECF No. 189. Movant now seeks to file another § 2255 motion without indicating that he has first sought and received permission from the Fifth Circuit to do so. *See* ECF No. 221.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed with this Court, Movant must move in the Fifth Circuit Court of Appeals for an order authorizing the Court to consider his application. *See* 28 U.S.C. § 2244(b)(3)(A), § 2255(h); *see also In re Lampton,* 667 F.3d 585, 587-88 (5th Cir. 2012) (finding that the bar on second or successive petitions applies when a later petition challenges the same judgment as an earlier petition). Because the Court cannot consider Movant's motion until the proper authorization has been obtained, the Court will transfer the instant motion to the appellate court for consideration. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That this motion be transferred to the Fifth Circuit Court of Appeals for Movant to seek permission to file this successive § 2255 motion;

2) That the Clerk of Court transfer this petition and entire record to the Fifth Circuit Court of Appeals in accordance with § 2244(b)(3), § 2255, and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED**.

**THIS** the 24th day of March, 2016.

                                                    /s/ Sharion Aycock
                                                    **U.S. DISTRICT JUDGE**