# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 16-60181

A True Copy
Certified order issued Jun 01, 2016

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

In re: JAMES ALLEN MORRIS,

Movant

Motion for an order authorizing the
United States District Court for the
Northern District of Mississippi, Delta Division to consider a
successive 28 U.S.C. § 2255 motion

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:

    James Allen Morris, federal prisoner # 11641-042, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He may file a successive motion if he makes a prima facie showing that his motion "contain[s]" either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001). Morris relies on the "new rule" prong.

Morris was sentenced as a career offender based in part on prior convictions that were deemed "crimes of violence" under the so-called residual clause of U.S.S.G. § 4B1.2(a)(2). In *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Morris seeks application of *Johnson* to the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2).

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). However, *Johnson* did not address U.S.S.G. § 4B1.2(a)(2). *See Johnson*, 135 S. Ct. at 2555–57. Nor has the Supreme Court held that a Sentencing Guidelines enhancement that increases the guidelines range implicates the same due process concerns as a statute that increases a statutory penalty. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *see also United States v. Wilson*, 622 F. App'x 393, 405 n.51 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 992 (2016). Indeed, even in the context of direct appeals (as opposed to the collateral review we consider here) federal courts of appeals are split on whether *Johnson* applies to a Sentencing Guideline provision. *Compare Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Maldonado*, 2016 WL 229833 (2d Cir. Jan. 20, 2016); *United States v. Goodwin*, 2015 WL 5167789, at * 3 (10th Cir. Sept. 4, 2015) (all applying *Johnson* to section 4B.1.2(a)(2) of the Guidelines), *with United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015) (holding that a Guidelines provisions may not be challenged on void-for-vagueness grounds); *see also United States v. Taylor*, 803 F.3d 931, 933–35 (8th Cir. 2015) (Colloton, J., dissenting). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to the Guidelines. Further, even if *Johnson* does implicate U.S.S.G. § 4B1.2(a)(2), the Supreme Court has not addressed

whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Morris has therefore not shown that he is entitled to authorization to proceed based on *Johnson*.

    IT IS ORDERED that Morris's motion for authorization is DENIED.