# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JAMES ALLEN MORRIS**      **PETITIONER**

**v.**      **No. 2:02-cr-74-SA**

**USA**      **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of James Allen Morris to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. The matter is ripe for resolution.

### Facts and Procedural Posture

Morris was charged in a superseding indictment with possession of more than five (5) grams of crack cocaine with intent to distribute (Count I); possession of heroin (Count II); possession of cocaine (Count III), and two (2) counts of possession of a firearm by a convicted felon (Count IV and V). ECF doc. 24. On December 4, 2002, Morris pleaded guilty to Counts I and IV of the superseding indictment. Pursuant to his plea, Morris was sentenced, as a career offender, to serve a term of 230 months on Count I and 120 months on Count IV, to be served concurrently. ECF doc. 64. Counts II, III, and V of the superseding indictment and the original indictment were dismissed. *Id*. The Fifth Circuit affirmed Morris' conviction and sentence. ECF doc. 69.

On April 16, 2004, Morris filed a motion to vacate his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 74. Morris' petition was denied; however, his "claim regarding the amount of crack cocaine used to compute his sentence shall be preserved for further briefing." ECF doc. 83. Following further briefing, Morris' petition was denied. ECF doc. 109. Morris then filed a

motion for sentence reduction pursuant to 18 U.S.C.A. §3582(c)(2), which was denied. ECF doc. 167.

On July 29, 2013, Morris filed a second *pro se* motion to vacate his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 178. Because this petition was successive, Morris was informed the he was required to first seek permission from the Fifth Circuit to proceed with his §2255 petition. ECF doc. 182. Morris was denied permission to proceed with a successive petition. ECF doc. 189.

On February 2, 2016, Morris filed another pro se §2255 petition seeking relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF doc. 221. The Fifth Circuit denied Morris permission to proceed with a successive §2255 petition raising his *Johnson* claim. ECF doc. 224. On June 24, 2016, Morris, through counsel, filed a successive §2255 petition raising his *Johnson* argument "as a protective filing to ensure that he has met the deadline in the event that the Fifth Circuit's denial of his motion for authorization to file a successive § 2255 motion is later overturned." ECF doc. 225, pg. 4. For the reasons discussed herein, Morris's petition is denied.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

Moreover, pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings, a petitioner must first obtain the permission of the Fifth Circuit before proceeding with a successive §2255 petition. "A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining this Court's authorization. 28 U.S.C. § 2255(h); *see United States v. Key,* 205 F.3d 773, 774 (5th Cir.2000)." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). Without such authorization, the district court lacks jurisdiction to consider a successive petition. *Id*.

### This Court Lacks Jurisdiction to Consider Morris' Petition

Because Morris' petition is successive, he must first obtain authorization from the Fifth Circuit. As noted above, Morris's request for permission to proceed with a successive §2225

petition was denied by the Fifth Circuit. ECF doc. 224. Without an order from the Fifth Cicuit authorizing the successive petition, this Court has no jurisdiction to consider Morris' current petition. *Hernandes*, 708 at 681.

**Conclusion**

As discussed above, this Court lacks jurisdiction to consider Morris' instant petition. Therefore, the motion to vacate, set aside, or correct James Allen Morris' sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 22nd day of May, 2018.

/s/ Sharion Aycock
U.S. DISTRICT JUDGE