# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JAMES ALLEN MORRIS                                                  PETITIONER

v.                                            No. 2:02-cr-74-SA

USA                              RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion of James Allen Morris to modify his sentence pursuant to 8 U.S.C.A. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, the amendment to that motion, and his "Motion to Correct PSR Information." ECF docs 227, 228, and 229. These matters are ripe for resolution.

## Facts and Procedural Posture

Morris was charged in a superseding indictment with possession of more than five (5) grams of crack cocaine with intent to distribute (Count I); possession of heroin (Count II); possession of cocaine (Count III), and two (2) counts of possession of a firearm by a convicted felon (Counts IV and V). ECF doc. 24. On December 4, 2002, Morris pleaded guilty to Counts I and IV of the superseding indictment. Pursuant to his plea, Morris was sentenced, as a career offender, to serve a term of 230 months on Count I and 120 months on Count IV, to be served concurrently. ECF doc. 64. Counts II, III, and V of the superseding indictment and all counts of the original indictment were dismissed. *Id.* On appeal, the Fifth Circuit affirmed Morris' conviction and sentence. ECF doc. 69.

On April 16, 2004, Morris filed a motion to vacate his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 74. Morris' petition was denied; however, his "claim regarding the amount of crack cocaine used to compute his sentence [was] preserved for further briefing." ECF doc. 83.

Following further briefing, Morris' petition was denied. ECF doc. 109. Morris then filed a motion for sentence reduction pursuant to 18 U.S.C.A. §3582(c)(2), which was denied. ECF doc. 167.

On July 29, 2013, Morris filed a second *pro se* motion to vacate his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 178. Because this petition was successive, Morris was informed the he was required to first seek permission from the Fifth Circuit to proceed with his §2255 petition. ECF doc. 182. Morris was denied permission to proceed with a successive petition. ECF doc. 189.

On July 14, 2014, Morris filed a motion to correct his pre-sentence report pursuant to F.R.Cr.P. 36. ECF doc. 208. That motion was denied. ECF doc. 210. Morris appealed that denial. ECF doc. 213. That appeal was dismissed as frivolous and Morris was warned that future frivolous filings would result in sanctions. ECF doc. 218.

On February 2, 2016, Morris filed another *pro se* §2255 petition seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF doc. 221. The Fifth Circuit denied Morris permission to proceed with this second successive §2255 petition. ECF doc. 224. On June 24, 2016, Morris, through counsel, filed a successive §2255 petition raising his *Johnson* argument "as a protective filing to ensure that he has met the deadline in the event that the Fifth Circuit's denial of his motion for authorization to file a successive § 2255 motion is later overturned." ECF doc. 225, pg. 4.

Thereafter, Morris filed a motion seeking to modify his sentence pursuant to 18 U.S.C.A. §3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. ECF doc. 227. Morris also filed a motion to amend the motion to modify his sentence. ECF doc. 228. In support of his motion and amendment, Morris asserts that, pursuant to *Johnson*, *supra*, he can no longer be considered a career criminal and, therefore, is entitled to a two (2) point reduction under the Guidelines. Morris

has also filed a "Motion to Correct PSR Information," alleging that the pre-sentence report prepared in his case contains inaccurate information. ECF doc. 229.

## This Court Lacks Jurisdiction to Consider Morris' Motion to Reduce his Sentence

Morris has filed a pleading entitled "Motion for Modification of Sentence," which states he is filing pursuant to 18 U.S.C.A. §3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. ECF doc. 227. However, in his motion Morris simply raises the same *Johnson* arguments that were set forth in his second successive §2255 petition (ECF docs. 221 and 225). Specifically, Morris contends that he cannot be considered a "career offender" following the *Johnson* ruling. Further, in his motion to amend, Morris again cites to *Johnson, supra*, and challenges his status as a career offender. ECF doc. 228. As noted in this Court's earlier ruling, because the Fifth Circuit denied Morris permission to proceed with a successive §2255 petition, this Court lacks jurisdiction to consider his *Johnson* arguments. ECF doc. 231.

## Morris' Motion to Correct his Pre-Sentence Report is not Well Taken

Further, Morris' motion to correct his pre-sentence report ("PSR") is not well-taken. In his motion, Morris contends a pending charge was incorrectly attributed to him in his PSR. Morris specifically contends that he has no pending charges in Clarksdale, Mississippi, and the charges of simple assault and domestic violence set forth in the PSR were not against him. *See* ECF doc. 204, pg. 15. As such, Morris has moved to correct his PSR pursuant to F.R.Cr.P. 36. This rule allows the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, Morris has neither demonstrated a clerical error that requires correction nor has he offered any documentation in support of his claim.

Furthermore, Morris' challenges to his PSR have been fully litigated. Prior to his sentencing, Morris filed objections to his PSR, both *pro se* and through counsel. ECF doc. 59. These were overruled at his sentencing hearing. Morris again challenged the accuracy of his PSR in a "Memorandum of Law in Support of 18 USC 3582," which was filed in support of his motion for reduction of sentence. ECF docs. 126 and 128. This motion was denied. ECF doc. 167. Morris filed a motion to correct his PSR on July 14, 2014, which was denied. ECF docs. 208 and 210. Morris appealed that decision to the Fifth Circuit who dismissed the appeal as frivolous and issued sanction warning. ECF doc. 218. As this Court held in the order denying Morris' first motion to correct his PSR, "Petitioner has been provided an adequate opportunity to present his complaints regarding his PSR to this Court and to the Fifth Circuit." As such, Morris' motion to correct his PSR is not well-taken and is denied.

## Conclusion

As discussed above, this Court lacks jurisdiction to consider Morris' motion to modify his sentence, which is in essence another attempt to file a successive §2255 motion. Therefore, the motion to modify James Allen Morris' sentence and the motion to amend will be denied. Further, Morris' motion to correct his pre-sentence report is not well taken and is denied.

A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 1st day of June, 2018.

/s/ Sharion Aycock
**SHARION AYCOCK**
**U.S. DISTRICT JUDGE**