IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ALLEN MORRIS**     **MOVANT**

v.     **No. 3:21CV227-SA**

**UNITED STATES OF AMERICA**     **RESPONDENT**

### ORDER DISMISSING AS MOOT MOTION TO HOLD
### CASE IN ABEYANCE DURING DIRECT APPEAL

This matter comes before the court on the motion by James Allen Morris to hold his motion under 28 U.S.C. § 2255 in abeyance during his direct appeal to ensure that he meets the one-year deadline for such motions under 28 U.S.C. § 2255(f). As discussed below, such an order is unnecessary, and the instant motion will be dismissed as moot.

To review the merits of a motion under 28 U.S.C. § 2255, it must be filed within the one-year limitations period. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Subsection (f)(1) is controlling in this case.

In connection with the filing of a § 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." *United States v. Thomas*, 203 F.2d 350,

352 (5th Cir. 2000). "When a federal defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) ... upon expiration of the 90-day period" for filing a petition for writ of certiorari with the Supreme Court when no such petition has been filed. *United States v. Franks*, 397 F. App'x 95, 98 (5th Cir. 2010).

In this case, Mr. Morris' direct appeal of his amended judgment is pending before the Fifth Circuit Court of Appeals; as such, the clock on the one-year limitations period has not begun to run. Hence, the instant motion [304] to hold the § 2255 motion in abeyance is **DISMISSED** as moot.

**SO ORDERED**, this, the 9th day of February, 2022.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE