IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ALLEN MORRIS**                                              **MOVANT**

v.                                           Cause No. 2:02-CR-74-SA

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of James Allen Morris for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] The Government has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed as moot.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. Habeas

---

[1] Morris filed the instant petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. However, as the pleading challenges the manner he is serving his sentence, rather than the validity of his conviction or sentence, the court has construed it as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

> Relief under § 2241 is available to a prisoner in five situations, when:
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to

challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

### Facts and Procedural Posture

On December 4, 2002, petitioner James Allen Morris pled guilty to Counts One and Four of the Superseding Indictment that charged him with: (1) possessing in excess of five grams of cocaine base with intent to distribute, and (2) possessing a firearm while being a convicted felon. Docs. 24 and 50. On February 25, 2003, the late Judge W. Allen Pepper sentenced Morris to a 230-month term of incarceration, which consisted of a 230-month term for the drug count concurrent with a120-month term for the felon in possession count. Doc. 64. Morris contested the charges, filing motions to quash the indictment and the superseding indictment. Docs. 20 and 43. He also filed motions to withdraw his guilty plea and to dismiss the indictments. Doc. 61.

Morris appealed the original sentence. Doc. 65. The Fifth Circuit Court of Appeals affirmed his sentence. Doc. 66. Morris then filed a Complaint against the court. Doc. 71, The court denied the complaint. Doc. 73. Morris then filed his first 28 U.S.C. § 2255 Motion to Vacate – complaining that his counsel was ineffective, the government breached the plea agreement, and the court did not have authority to sentence him. Doc. 74. The court denied the motion. Doc. 84. Morris appealed. Doc. 97. The Fifth Circuit denied the appeal because it lacked jurisdiction as the court had not addressed Morris' drug quantity allegation. Docs. 106 & 107. The court then denied that portion of Morris' § 2255 claim. Docs. 109 & 110. Morris appealed again. Doc. 112. The Fifth Circuit then denied Morris a certificate of appealability and dismissed the case. Doc. 123.

Morris has also sought sentence reductions, Docs. 126, 129, and 133, which the court has denied. Doc. 167. He then sought reconsideration (Doc. 169), which the court also denied. Doc. 170. Morris again appealed. Doc. 171. The Fifth Circuit denied the appeal as frivolous. Doc. 190.

Morris filed another successive § 2255 Motion to Vacate. Doc. 178. The court transferred the motion to the Fifth Circuit, Doc. 181, and the Fifth Circuit denied Morris permission to pursue the successive § 2255 motion. Doc. 189.

Morris continued his attacks on his sentence. See Docs. 193, 200, 221, 225, 227, 228, and 238. Eventually he was released from custody and began serving a 5-year term of supervised release on May 22, 2019. Doc. 264. Throughout 2020 and 2021, Morris used controlled substances and refused to cooperate with U.S. Probation's efforts to treat his drug abuse. See Doc. 264. Morris was arrested, and his term of supervised release was revoked for drug use. Doc. 290. The court then sentenced Morris to an 8-month term of incarceration followed by a 3-year term of supervised release. Doc. 295. Morris appealed. Doc. 296.

Shortly after filing the notice of appeal Morris filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, alleging deficiencies in 18 U.S.C. § 3583, including, as described above: (1) the court lacks subject matter jurisdiction, (2) 18 U.S.C. § 3583 is unconstitutional, (3) he was "actually innocent" of the violations for which his supervised release was revoked, (4) his original plea agreement did not inform him regarding potential revocation of supervised release after his original sentence, (5) the U.S. Sentencing Guideline revocation policy statements are unconstitutional, (6) he had completed his term of supervised release prior to the August 7, 2021 revocation proceedings, and (7) he is not subject to Federal sentencing

statutes. Doc. 303. Ultimately, the Fifth Circuit affirmed the court's decision. Doc. 313; *see United States v. Morris*, Docket 21-60660.

Morris served the term of incarceration and was released from U.S. Bureau of Prisons' custody on January 26, 2022. https://www.bop.gov/inmateloc/. He began serving the 3-year term of supervised release, but, again, violated the terms of his supervised release by using controlled substances. Doc. 351. As a result, on March 22, 2024, the court entered an amended judgment of three months' incarceration, with time served from his arrest on January 30, 2024. *Id*. The court also recommended that Morris serve the remainder of his term of incarceration in the Lafayette County Detention Center to give him the opportunity to arrange for stable housing and employment upon his release. *Id*.

## Discussion

Morris filed the instant action as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. As set forth above, in his pleadings and amendments, Morris does not challenge the validity of his convictions or sentence; instead, he challenges the manner of serving his sentence – a challenge properly brought as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See* § 1:29. Section 2241, Federal Habeas Manual § 1:29. The court will thus construe the instant pleading as a request for *habeas corpus* relief under 28 U.S.C. § 2241.

### The Instant Petition Has Become Moot

In his petition, Mr. Morris challenges the court's August 13, 2021, revocation of his supervised release and imposition of 8 months' incarceration, followed by 3 years of supervised release. Doc. 295 (August 13, 2021, revocation of supervised release). Morris has, however, served that term of incarceration, was placed on supervised release, then again violated the terms of supervised release. The court then, on March 22, 2024, revoked Morris' supervised release in an amended judgment, Doc.

351, and imposed a sentence of three months' incarceration (which Morris had mostly served in pre-hearing detention). In short, Morris has challenged his August 13, 2021, revocation judgment: a challenge mooted – first by his subsequent placement on supervised release, then by entry of the March 22, 2024, revocation judgment. He is no longer incarcerated under the August 13, 2021, judgment he challenges; as such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed as moot.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of May, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE